*284 OPINION.
Yan Fossan :
Section 234 (a) (5) of the Revenue Acts .of 1921 and 1924 is applicable to the issue in this proceeding. The section provides as follows:
Sec. 234. (a) In computing the net income oí a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
*******
(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.
The statute provides for reasonable additions to a reserve for bad debts as an alternative to the deduction of the amount of debts ascertained to be worthless and charged off during the taxable year. In our opinion the evidence fails to show that the additions to the reserve for bad debts in each year were “ reasonable ” as required by statute.
From the evidence it is clear that the amounts credited into the reserve for bad debts were not so credited as the result of the experience of petitioner and it does not appear that the method used for determining the sum to be credited to the reserve was based on the experience of persons or corporations engaged in business similar to that of petitioner. The amount was the sum of specific items which were portions of secured loans made by the petitioner. The reserve was segregated into a reserve for losses on real estate and a reserve for losses on automobile loans.
In 1923, $20,304.34 was credited to the reserve to cover losses from loans on real estate, making the total amount then in the real estate reserve $22,604.34. That there was .no certainty or likelihood of loss of . some of the items embraced in this sum is shown by the fact that such items amounting to $10,701.63 were canceled from this reserve in 1924 because they had been collected during that year, or were deemed collectible. Notwithstanding this cancellation in 1924 in the same year the sum of $10,000 was added to the reserve to cover estimated future losses from real estate loans.
In 1925 items amounting to $3,391.45, loans on real estate, and $3,326.40, loans on automobiles, which had been credited to the reserve for bad debts were recovered. Moreover, although loans made on automobiles were ascertained to be worthless during the years in question, no considerable losses from real estate loans were actually sustained until 1926, when the sum of $8,455.69 of such loans was ascertained to be worthless.
It appears from the evidence that the sums added to the reserve were not determined by their relationship to the amount of business *285 done by petitioner during each year. The amount of business done varied from year to year to a considerable degree, but the amount kept in the reserve during 1928,1924, and 1925, the taxable years in question, was practically constant.
In our opinion the amounts carried in the reserve from year to year were excessive and no sufficient reason for this excess is found in the evidence.
The respondent disallowed the deductions claimed on account of additions to the reserve for bad debts made in the years in question, but allowed deduction of the amount of debts actually ascertained to be worthless and charged off during the respective taxable years. In accordance with our decisions in Atlantic Bank & Trust Co., 10 B. T. A. 796; J. Gordon Hill, 11 B. T. A. 910; Moline Dispatch Publishing Co., 11 B. T. A. 934; and Hoover Grain Co., 14 B. T. A. 781, we are of the opinion that respondent did not err in so exercising the discretion vested in him by the statute.

Decision will be entered for the respondent.